UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY DONNELL WARD,

       Petitioner,

v.                                                                         Case Number 08-12788
                                                                       Honorable David M. Lawson

BLAINE C. LAFLER,

       Respondent.

_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

The petitioner filed a petition for a writ of habeas corpus on June 30, 2008. On September 30, 2011, the Court entered an opinion and order denying the petition, determining the petitioner was not denied his right to counsel or to the effective assistance of counsel. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a

petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Concerning the issue of denial of the right to the effective assistance of counsel, the Court finds that reasonable jurists could debate whether the petitioner's trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"and whether "counsel's errors were so serious as to deprive the defendant of a fair trial." *See Strickland v. Washington*, 466 U.S., 668, 687 (1984). Therefore, the Court will grant a certificate of appealability on this issue.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** on the petitioner's claim that he was denied the effective assistance of counsel.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated: October 3, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2011.

                              s/Deborah R. Tofil  
                              DEBORAH R. TOFIL